**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAMES HARDY MILLER,

                                 Plaintiff,

        - v -                                            Civ. No. 9:09-CV-1035
                                                           (GTS/RFT)

SERGEANT J. BRADLEY; CAPTAIN A.T. RAMIREZ;
WILLIAM BROWN, *Superintendent*,

                                 Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

JAMES HARDY MILLER
Plaintiff, *Pro se*
89-A-2921
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

HON. ANDREW M. CUOMO                 KRISTA A. ROCK, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

    *Pro se* Plaintiff James Hardy Miller filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that he was falsely accused of committing a sexual assault and, as a consequence, was improperly confined in the Special Housing Unit ("SHU") of Eastern Correctional Facility

("Eastern"), thereby violating his due process rights.[1] Dkt. No. 1, Compl. Presently before the Court is Defendants' Motion to Dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6). Dkt. No. 11. Plaintiff was ordered to file a response to Defendants' Motion by March 15, 2010. *Id.* After the Court received no such response from Plaintiff, we *sua sponte* extended his time to serve an opposition until May 24, 2010, specifically warning him that his "**failure to respond may, if appropriate, result in the granting of Defendants' Motion.**" Dkt. No. 12 at p. 1 (emphasis in original). To date, Plaintiff has not filed an opposition to Defendants' Motion. *See generally* Case Dkt.

For the reasons that follow, it is recommended that Defendants' Motion be **granted** and the Complaint **dismissed**.

## I. BACKGROUND

In accordance with the applicable standard for deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), we assume the facts alleged in the Complaint to be true for the purposes of addressing this Motion. *See infra* Part II.A.

On September 17, 2008, Plaintiff was falsely accused of attempting to sexually assault someone on September 5, 2008. Dkt. No. 1, Compl. at ¶ 1. Plaintiff was placed under an investigation for seventy-two (72) hours, during which time he was confined in the SHU. *Id.* After that time passed, however, Plaintiff was not allowed to return to the general inmate population and was kept in confinement pursuant to an involuntary protective custody order issued by Defendant Sergeant J. Bradley, supposedly in order to protect him from the inmate population. *Id.* Plaintiff

---

[1] The Complaint was originally filed in the Southern District of New York and was subsequently transferred to this District pursuant to the September 14, 2009, Order of the Honorable Loretta A. Preska, Chief Judge for the Southern District of New York. Dkt. No. 4, Transfer Order.

was confined for an additional forty (40) days, during which time he was interviewed by several correctional officers, including Defendant Bradley.  *Id.* at ¶ 4 & Relief (¶ 3).  Plaintiff alleges that Bradley placed him in involuntary protective custody to punish him, not to protect him.  *Id.* at ¶ 6.

Plaintiff asserts that Defendant Captain A. T. Ramirez was a partial Hearing Officer at his involuntary protective custody hearing.  *Id.* at ¶ 8.  According to Plaintiff, Ramirez should have known that Plaintiff was not in danger because the alleged offense occurred on September 5, 2008, and Plaintiff lived safely and without incident amongst the general inmate population from that date until his confinement on September 17, 2008.  *Id.* at ¶ 9.

Plaintiff sent numerous letters regarding his situation to Defendant Superintendent William Brown, who ignored such complaints.  *Id.* at ¶¶ 13 & 16.  Plaintiff contends that Brown allowed Bradley and Ramirez to "misuse their authority and place [him] . . . in involuntary protective custody under false pretexts."  *Id.* at ¶ 15.

## II. DISCUSSION

### A. Standard of Review

On a motion to dismiss, the allegations of the complaint must be accepted as true.  *See Cruz v. Beto*, 405 U.S. 319, 322 (1972).  The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may

take judicial notice." *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (emphasis added).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1950 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1949. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or

she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1950-51.

With this standard in tow, we consider the plausibility of Plaintiff's Complaint.

### B. False Accusation

Plaintiff alleges Defendant Bradley falsely accused him of attempting to sexually assault someone on September 5, 2008. Compl. at ¶ 1. However, a false accusation, without more,[2] does not constitute a valid cause of action under 42 U.S.C. § 1983. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) for the proposition that there is "no general constitutional right to be free from being falsely accused" ); *see also Gill v. Riddick*, 2005 WL 755745, at *7 (N.D.N.Y. Mar. 31, 2005) (same). Therefore, Plaintiff's allegation that he was falsely accused does not state a claim upon which relief can be granted and it is recommended that such claim be **dismissed**.

### C. Due Process Claims

Plaintiff alleges that his due process rights were violated as a consequence of his forty-three (43) day confinement in SHU during the pendency of the investigation and pursuant to the involuntary protective order. Plaintiff also contends that Defendant Martinez failed to preside over his involuntary protective confinement hearing in a fair and impartial manner. Compl. at ¶¶ 4-7.

---

[2] We note that Plaintiff does not allege that any of the Defendants' actions were retaliatory in nature.

In order to state a due process claim pursuant to the Fourteenth Amendment, an inmate must first establish that he enjoys a protected liberty interest. *Arce v. Walker*, 139 F.3d 329, 333 (2d Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). The Supreme Court held in *Sandin v. Conner* that state created liberty interests shall be limited to those deprivations which subject a prisoner to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Here, Plaintiff alleges that he was confined in SHU for a period of forty-three (43) days. Courts in this Circuit have held that solitary confinement for such a period of time, absent additional egregious circumstances – none of which are alleged here – is not "atypical and significant" so as to create a liberty interest and thereby trigger the protections of the Due Process Clause. *See Sealey v. Giltner*, 197 F.3d 578, 589-90 (2d Cir. 1999) (101 days in normal SHU conditional was not atypical or significant) (cited in *Ochoa v. DeSimone*, 2008 WL 4517806, at *4 (N.D.N.Y. Sept. 30, 2008) (thirty (30) days in SHU, without more, did not create a liberty interest)); *see also Uzzell v. Scully*, 893 F. Supp. 259, 263 (S.D.N.Y. 1995) (forty-five (45) days of keeplock is not atypical and significant); *Rivera v. Coughlin*, 1996 WL 22342, at *5 (S.D.N.Y. Jan. 22, 1996) (eighty-nine (89) days in keeplock does not create a liberty interest).

Therefore, we find that Plaintiff has failed to allege he suffered from an atypical and significant hardship and it is recommended that his due process claims be **dismissed** on that ground.

### D.  Cruel and Unusual Punishment

Plaintiff also claims that his solitary confinement violated his right to be free from cruel and unusual punishment under the Eighth Amendment. Compl. at ¶ 8. In order to state a valid conditions of confinement claim under the Eighth Amendment, a plaintiff must allege: (1) the

conditions were so serious that they constituted a denial of the "minimal civilized measure of life's necessities," and (2) the prison officials acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991) (citation omitted) (cited in *Branham v. Meachum*, 77 F.3d 626, 630-31 (2d Cir. 1996)).

It is established law in this Circuit that confinement in a SHU, without more, does not constitute a violation under the Eighth Amendment. *See, e.g., Gulley v. Roach*, 2004 WL 2331922, at *11 (W.D.N.Y. Oct. 15, 2004) (citing cases for the proposition that normal SHU conditions do not deny an inmate the minimal civilized measure of life's necessities); *see also Branch v. Goord*, 2006 WL 2807168, at * (S.D.N.Y. Sept. 28, 2006) (same). Because Plaintiff does not allege any extraordinary condition of confinement beyond those normally attaching to SHU confinement, we recommend that this claim be **dismissed** as a matter of law.

### E.  Supervisory Liability

Plaintiff claims that Defendant Superintendent Brown is liable because he failed to properly supervise Defendants Bradley and Ramirez and also failed to respond to Plaintiff's numerous letters of complaint. Compl. at ¶¶ 13-16. Plaintiff alleges no other specific actions taken by Brown in relation to his constitutional claims.

The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Moreover, "the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement." *Kinch v. Artuz*, 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (citing *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) & *Wright v. Smith*, 21 F.3d at 501) (further citations omitted). Thus, "a plaintiff

must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009)

Nevertheless, if a plaintiff seeks to bring a § 1983 action for supervisory liability, liability on the part of the supervisor may exist

> in one or more of the following ways: 1) actual direct participation in the constitutional violation, 2) failure to remedy a wrong after being informed through a report or appeal, 3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, 4) grossly negligent supervision of subordinates who committed a violation, or 5) failure to act on information indicating that unconstitutional acts were occurring.

*Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003) (citing *Colon v. Coughlin*, 58 F.3d at 873) (further citations omitted).

In this case, because we find that Plaintiff's underlying constitutional claims are without merit, none of the above bases for supervisory liability are applicable. *See Blyden v. Mancusi,* 186 F.3d 252, 265 (2d Cir. 1999) ("Of course, for a supervisor to be liable under Section 1983, there must have been an underlying constitutional deprivation.").

Therefore, it is recommended that Plaintiff's supervisory liability claim against Defendant Brown also be **dismissed**.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Defendants' Motion to Dismiss (Dkt. No. 11) be **GRANTED** in its entirety, and the Complaint **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(b)(i)-(ii): and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: August 6, 2010
      Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge