UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES HARDY MILLER,
                       Plaintiff,

v.
                                                        9:09-CV-1035
                                                        (GTS/RFT)

SERGEANT J. BRADLEY, in his individual
capacity; CAPTAIN A.T. RAMIREZ, in his
individual capacity; and SUPERINTENDENT
WILLIAM BROWN, in his individual capacity,
                       Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

JAMES HARDY MILLER, 89-A-2821
   Plaintiff, *Pro Se*
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

HON. ANDREW M. CUOMO                  KRISTA A. ROCK, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for the State Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action filed by James Hardy Miller ("Plaintiff") against Eastern Correctional Facility Sergeant J. Bradley, Captain A.T. Ramirez, and Superintendent William Brown ("Defendants") are the following: (1) Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 11); and (2) United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that Defendants' motion be granted and Plaintiff's Complaint be dismissed in its entirety (Dkt. No. 13). Plaintiff has not

submitted a response to Defendants' motion or an Objection to the Report-Recommendation, and the time in which to do so has expired. For the reasons set forth below, the Report-Recommendation is accepted and adopted, Defendants' motion to dismiss is granted, and Plaintiff's Complaint is dismissed in its entirety.

I.   RELEVANT BACKGROUND

Plaintiff filed his Complaint in this action on September 14, 2009. (Dkt. No. 1.) Construed with the utmost of liberality, Plaintiff's Complaint alleges that, on September 17, 2008, while he was incarcerated at Eastern Correctional Facility in Napanoch, New York ("Eastern C.F."), he was falsely accused of sexually assaulting a person, which resulted in (1) his confinement in a special housing unit for three days, during which time he was placed under investigation, and (2) his subsequent confinement in a special housing unit for forty (40) days, pursuant to an involuntary protective order, imposed to allegedly protect him from inmates in the general population. (Dkt. No. 1, at ¶¶ 1, 4 [Compl.].) For a more detailed recitation of the factual allegations giving rise to Plaintiff's claims, the Court refers the reader to the Complaint in its entirety, and to Magistrate Judge Treece's thorough Report-Recommendation, which accurately summarizes that Complaint. (*See generally* Dkt. Nos. 1, 13.)

Based on these factual allegations, Plaintiff asserts the following claims against Defendants: (1) Defendants Bradley and Ramirez violated his due process rights under the Fourteenth Amendment by improperly ordering his confinement to special housing based on a "false pretext" that he was involved in a sexual assault at Eastern C.F.; (2) Defendant Ramirez violated his due process rights under the Fourteenth Amendment by failing to act as an impartial hearing officer at his involuntary protective custody hearing, (3) all three Defendants violated his rights under the Eighth Amendment by confining him to a special housing unit for forty-three

(43) days; and (4) Defendant Brown is liable to Plaintiff as a supervisor by negligently supervising Defendants Bradley and Ramirez and failing to respond to Plaintiff's numerous complaints.  (Dkt. No. 1.)

On February 23, 2010, Defendants filed a motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 11.)  In their motion, Defendants argue as follows: (1) Plaintiff has failed to state a claim for the violation of his Fourteenth Amendment rights; (2) Plaintiff has failed to allege facts plausibly suggesting a claim for the violation of his Eighth Amendment rights; (3) Plaintiff has failed to allege facts plausibly suggesting that Defendant Brown was personally involved in the alleged constitutional violations; (4) Defendants are protected from liability as a matter of law by the doctrine of qualified immunity; and (5) under the circumstances, Defendants are entitled to a protective order barring Plaintiff from conducting discovery.  (Dkt. No. 11, at 2-11.)

On August 6, 2010, Magistrate Judge Treece issued a Report-Recommendation recommending that all of Plaintiff's claims be dismissed.  (Dkt. No. 13, at 5-9.)  Familiarity with the grounds of Magistrate Judge Treece's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for review by the parties.

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[1]

---

[1]     On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law

When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).² Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.  Standard Governing a Motion to Dismiss for Failure to State a Claim

Magistrate Judge Treece correctly recited the legal standard governing a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 13, at 3-5.) As a result, that standard is incorporated by reference in this Decision and Order.

---

and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

² *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

### III. ANALYSIS

As stated above, Plaintiff has not submitted a response to Defendants' motion or an Objection to the Report-Recommendation, and the time in which to do so has expired. As a result, the Court must review Magistrate Judge Treece's Report-Recommendation only for clear error. After carefully reviewing all of the papers in this action, including Magistrate Judge Treece's Report-Recommendation, the Court concludes that the Report-Recommendation is well-reasoned and not clearly erroneous. Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. The Court notes that the Report-Recommendation would survive even a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 13) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 11) is **GRANTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated: September 22, 2010
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge